881 So.2d 966 (2004)
Raymond BILBO, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CP-02093-COA.
Court of Appeals of Mississippi.
September 7, 2004.
Raymond Bilbo, Appellant, pro se.
*967 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before BRIDGES and LEE, P.JJ., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On April 16, 1998, an officer with the Columbus Police Department was called to the scene of an automobile accident. Raymond Bilbo, who was at the scene of the accident, informed the officer that he was driving one of the vehicles involved in the accident. The officer noted the smell of alcohol on Bilbo's breath, and Bilbo took an Intoxilyzer test. Bilbo scored a .22 on the test, well above the legal limit. In June of 1999, Bilbo was served and picked up by the police. Bilbo was arraigned in August of 1999, left town shortly thereafter, and evaded prosecution until he was arrested by the Alabama police in July 2002. Bilbo had two prior convictions for driving under the influence. At his arraignment he pled guilty to a DUI 3 third offense under the habitual offender statute. Notably, Bilbo also had two prior felony convictions. Bilbo was sentenced to serve three years in the custody of the Mississippi Department of Corrections, followed by two years of post-release supervision, plus fines totaling $2,000. It is from this sentence that Bilbo filed his petition for post-conviction relief. After reviewing the petitioner's criminal file and the court's file, the trial judge denied Bilbo's motion for post-conviction relief without a hearing. It is from this denial that Bilbo has filed his appeal.
¶ 2. On appeal, Bilbo raises a number of complaints which are summarized as follows: (1) Bilbo claims he was never indicted; (2) Bilbo claims he never received a copy of the indictment; (3) Bilbo claims he was never arraigned; and (4) Bilbo claims his attorney rendered "insufficient representation" because she only spoke with him on the day of his arraignment and plea and allegedly told Bilbo that if he did not plead guilty he could be tried pursuant to Mississippi Code Annotated Section 99-19-83 and be sentenced to life without parole. Finding these claims to be without merit, this Court affirms the trial court's denial of Bilbo's petition for post-conviction relief.

STANDARD OF REVIEW
¶ 3. When a trial court has denied a petition for post-conviction relief, this Court will examine whether the denial is clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999). The trial judge's obligation is to review the "original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack," in order to resolve the merits of the allegations. Miss.Code Ann. § 99-39-11(1) (Rev.2000). The burden is upon Bilbo to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief. Miss.Code Ann. § 99-39-23(7) (Rev.2000).

I. DID THE TRIAL COURT ERR IN DENYING BILBO'S MOTION FOR POST-CONVICTION RELIEF?
¶ 4. Bilbo argues that he was never indicted for the offense of driving under the influence. Bilbo invites this Court to find that, although he confessed under oath in open court to a third offense of driving under the influence, he was never indicted for such a crime. Although the indictment does not appear in the record before this Court, a copy of the transcript of Bilbo's guilty plea hearing was included in the record. During the guilty plea, Judge Montgomery thoroughly questioned Bilbo regarding his understanding of the charges, his Sixth Amendment rights, his *968 Fifth Amendment rights, and his Eighth Amendment rights under the United States Constitution.
¶ 5. When asked if he understood that he had the right to a public trial by jury, the right to confront witnesses against him, the right to be represented by an attorney, the right to appeal, and the right to choose whether to testify on his own behalf, Bilbo responded under oath that he did, indeed, understand these rights. Bilbo acknowledged that he understood that by pleading guilty he was waiving these rights. Bilbo further acknowledged that he understood that he was being charged with a third offense of driving under the influence. Bilbo represented under oath that his attorney had explained the charges to him and that his attorney had explained the possible defenses to the charges. The court informed Bilbo of the minimum and maximum sentence for a third offense DUI, and Bilbo acknowledged that he understood the penalty he could receive if he pled guilty.
¶ 6. It is a well-settled principle of law that a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Reeder v. State, 783 So.2d 711, 720(¶ 36)(Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Therefore, by pleading guilty, Bilbo waived his right to appeal based upon the indictment.
¶ 7. Ruling on the petition for post-conviction relief, the court found that Bilbo had voluntarily entered the guilty plea, a finding supported by the transcript of the guilty plea. We place a strong presumption of validity upon an individual's statements made under oath. Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). The burden is upon Bilbo to prove by a preponderance of the evidence that he is entitled to the requested post-conviction relief. Miss.Code Ann. § 99-39-23(7) (Rev.2000). Where, as here, the only evidence supplied by the petitioner are his own musings which contradict his prior sworn testimony, the petitioner has failed to meet this burden. Harris v. State, 578 So.2d 617, 620 (Miss.1991). Additionally, when the trial court can determine that a factual assertion by the movant in a post-conviction relief proceeding is belied by unimpeachable evidence in the transcript of the case that led to conviction, no hearing is required and the trial court may summarily dismiss the motion. Harris v. State, 578 So.2d 617, 620 (Miss.1991).
¶ 8. The order denying the petition for post-conviction relief reflects that the trial judge reviewed Bilbo's criminal file. The trial court found that Bilbo was served with his indictment on June 7, 1999, and that the indictment listed Bilbo's previous convictions for driving under the influence, as well as his previous two felony convictions. The trial court also determined that based upon Bilbo's file, he waived a formal reading of his arraignment and was subsequently arraigned on August 16, 1999. Bilbo has failed to show that the trial court erred in denying his petition for post-conviction relief. Accordingly, assignments of error 1 through 3 lack merit.

II. BILBO'S CLAIMS OF INSUFFICIENT REPRESENTATION
¶ 9. Bilbo argues that his attorney did not provide adequate representation. Claims of ineffective assistance of counsel are addressed under the two-part tests presented in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and applied to guilty pleas in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under this standard, the claimant must show (1) that counsel's performance was deficient and (2) that the deficient performance was prejudicial to the defendant in the sense that it undermined confidence in the outcome. *969 Wilson v. State, 577 So.2d 394, 396 (Miss.1991). Under this second prong, Bilbo must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052. Where a defendant enters a plea on advice of counsel, the attorney's performance is deemed "deficient" for purposes of the Strickland standard if it falls below "the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56, 106 S.Ct. 366, quoted in Wilson, 577 So.2d at 396. A defendant who pleads guilty to a crime is "prejudiced" by his counsel's erroneous advice if "he would have insisted on going to trial if he had been correctly informed." Wilson, 577 So.2d at 396.
¶ 10. Bilbo argues that his attorney advised him that should he proceed to trial, he could receive a sentence of life without parole. Mississippi Code Annotated Section 99-19-83 provides that every person convicted of a felony in this state who has been twice previously convicted of a felony and has been sentenced to and served separate terms of one year or more, whether in this state or another state, and where any one of the felonies was a crime of violence "shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss.Code Ann. Sec. 99-19-83 (Rev.2000). Bilbo has two prior felony convictions, one for burglary and larceny and another for armed robbery. The order denying Bilbo's petition for post-conviction relief clearly states that the indictment "listed the Petitioner's previous DUI charges and his two previous felony convictions." Additionally, during his guilty plea, Judge Montgomery questioned Bilbo about the felonies, and Bilbo acknowledged that the two prior convictions were correct. Bilbo has failed to show that his attorney's advice and performance meet the Strickland test. The advice was not erroneous, and Bilbo has failed to show any prejudice resulting from such advice.
¶ 11. Bilbo also argues that his attorney "did not investigate or represent Appellant to her best, except get the Appellant a plea." Bilbo has failed to present a scintilla of evidence that his attorney's performance was deficient and that this deficiency resulted in prejudice to him. Bilbo's vast accusation that his attorney "did not investigate or represent Appellant to her best" falls short of the requirements set forth in Strickland. This Court finds that this assignment of error lacks merit.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES, P.J., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.