¶ 1. Jethro Wallace, Jr. was convicted of robbery, in violation of Mississippi Code Annotated 97-3-73 (Rev. 2006), in the Circuit Court of Clarke County. Following his conviction, Wallace was sentenced as a habitual offender to serve a term of fifteen years in the custody of the Mississippi Department of Corrections without the possibility of reduction, suspension, probation or parole and fined $10,000. He now seeks a new trial, raising one issue for our review, which we have recast for clarity:
 WHETHER THE TRIAL COURT ERRED IN ALLOWING WALLACE TO REPRESENT HIMSELF AT HIS TRIAL?
Finding no error, we affirm.
 DISCUSSION ¶ 2. Wallace first asserted that he wished to represent himself on the first day of his trial. The matter was discussed between the trial judge and Wallace in chambers, and the trial judge ultimately found Wallace to be mentally capable of "freely, voluntarily, and intelligently" waiving his right to counsel. Wallace's appointed counsel was, however, ordered to remain present at the trial and serve as a standby. The record shows that the appointed attorney, on several occasions, interceded for Wallace during the trial. Following his conviction, Wallace filed a pro se motion for a new trial, asserting several grounds, including that "he had no lawyer to help him." The lower court denied his motion for a new trial.
 ¶ 3. Wallace now contends that the trial judge erred in failing to ensure that Wallace was competent to knowingly and understandingly waive his constitutional right of representation by an attorney. In support of his proposition, Wallace points to the fact that the trial judge did not order a competency hearing before allowing him to represent himself. The State argues that the trial judge was not required to order a competency hearing before Wallace waived his right to counsel. Further, the State counters Wallace's argument by asserting that the trial judge went strictly "by the book" in allowing Wallace to defend himself pro se.
 ¶ 4. Trial courts are required to make a "case-by-case determination of a defendant's assertion of the right to proceedpro se." Howard v. State, 701 So.2d 274, 283 (¶ 31) (Miss. 1997) (citing Metcalf v. State, 629 So.2d 558
(Miss. 1993)). An appellate court is to review the decision of a *Page 1049 
trial court allowing a defendant to act as his own attorney for an abuse of discretion. Metcalf, 629 So.2d at 566.
 ¶ 5. "The test for competency to stand trial is certainly a standard which must be met before a defendant can be said to be capable of intelligently and knowingly waiving the right to counsel." Howard, 701 So.2d at 280 (¶ 18). However, there is no requirement that a trial judge order a competency hearing before a defendant may represent himself. Rather, our supreme court has adopted a test from the Fifth Circuit Court of Appeals that an appellate court is to employ in reviewing the decision of a trial judge to forego a competency hearing. In our review of a trial judge's decision to dispense with a competency hearing, we are to ask the question, "Did the trial judge receive information which, objectively considered, should reasonably have raised a doubt about [a] defendant's competence and alerted him to the possibility that the defendant could neither understand the proceedings, appreciate their significance, nor rationally aid his attorney in his defense?"Howard, 701 So.2d at 281 (¶ 21) (citation omitted). In light of this test, if a trial judge has a "reasonable ground" to believe that a defendant is incompetent to stand trial, then the court must order a hearing to determine competency. "The determination of what is `reasonable,' of course, rests largely within the discretion of the trial judge [who] sees the evidence first hand [and] observes the demeanor and behavior of the defendant." Howard,701 So.2d at 281 (¶ 20). In this case, the trial judge had several opportunities to observe Wallace's demeanor and behavior, but did not find a reasonable ground to determine that Wallace was incompetent to stand trial. After our review of the record, we cannot find any basis to support Wallace's argument that the trial judge erred in foregoing a competency hearing.
 ¶ 6. Our supreme court requires that when a trial court is faced with a criminal defendant's waiver of counsel, when the defendant is charged with a felony, the court must make an on-the-record determination that the waiver is intelligently and competently made, and state the facts upon which that determination is made. Conn v. State, 251 Miss. 488,495, 170 So.2d 20, 23 (1964). In light of these jurisprudential requirements, our legislature embodied a set of rules, in Uniform Circuit and County Rule 8.05, outlining the procedural mandates that a trial court must follow when it becomes aware that a defendant wishes to proceed to trial acting as his own attorney. Rule 8.05 provides:
 When the court learns that a defendant desires to act as his/her own attorney, the court shall on the record conduct an examination of the defendant to determine if the defendant knowingly and voluntarily desires to act as his/her own attorney. The court shall inform the defendant that:
 1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense.
 2. The defendant has the right to conduct the defense and that the defendant may elect to conduct the defense and allow whatever role (s)he desires to his/her attorney.
 3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that *Page 1050 
without legal advice his/her ability to defend himself/herself will be hampered.
 4. The right to proceed pro se usually increases the likelihood of a trial outcome unfavorable to the defendant.
 5. Other matters as the court deems appropriate.
 After instructing the defendant and ascertaining that the defendant understands these matters, the court will ascertain if the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine if the defendant has exercised this right knowingly and voluntarily, and, if so, make the finding a matter of record. The court may appoint an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney, but all disputes between the defendant and such attorney shall be resolved in favor of the defendant.
 ¶ 7. Our review of the record indicates that the trial court complied completely with Uniform Rule of Circuit and County Court 8.05, informing Wallace of every provision listed in the Rule and confirming Wallace's understanding of each such provision. In fact, the court went further than required by the rule and explained the charges against Wallace and the consequences of a conviction. For the foregoing reasons, we cannot find error in the decision of the trial court in allowing Wallace to represent himself, and affirm the denial of Wallace's motion for new trial.
 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKECOUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS INTHE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AHABITUAL OFFENDER AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OFTHIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.