823 So.2d 580 (2002)
Oscar WALLACE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00173-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*581 Oscar Wallace, Pro Se, Attorney for Appellant.
Office of the Attorney General by Jo Anne M. McLeod, Attorney for Appellee.
Before McMILLIN, C.J., MYERS, and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. On April 17, 1997, in the Circuit Court of Leflore County, Mississippi, Oscar Wallace pled guilty to the charge of the sale of cocaine. Wallace was sentenced as a habitual offender to serve a term of thirty years in the custody of the Mississippi Department of Corrections. On November 15, 2000, he filed a motion for post-conviction collateral relief alleging the following: (1) he was denied due process of law where his plea of guilty and resulting conviction were the product of coercion by his attorney, (2) he was denied due process of law due to the cumulative effect of fundamental and plain errors, and (3) he was denied effective assistance of counsel. On December 29, 2000, the trial court dismissed Wallace's petition because it was barred by the three year statute of limitations set forth in Miss.Code Ann. § 99-39-5 (Rev.2000).
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 27, 1997, Wallace was indicted for the sale of cocaine within 1500 feet of a church in violation of Miss.Code Ann. § 41-29-142 (Rev.2001). He was charged as a habitual offender pursuant to Miss.Code Ann. § 99-19-83 (Rev.2000). Wallace pled guilty to the charge on April 17, 1997, and was sentenced to a term of thirty years in the Mississippi Department of Corrections, said sentence to run concurrently to cause number 23,095 but consecutively to cause number 23,094 and cause number 23,096.

LAW AND ANALYSIS

I. DID THE TRIAL COURT ERR IN DISMISSING WALLACE'S MOTION FOR POST-CONVICTION RELIEF AS TIME BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2)?
¶ 4. In general, a petition for post-conviction relief based on a guilty plea must be brought within three years. Miss.Code Ann. § 99-39-5(2) (Rev.2000). In order to be excepted from this three year statute of limitations, the petitioner must demonstrate:
[T]hat there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional *582 release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 5. Wallace argues on appeal that the trial court erred in dismissing his petition for post-conviction relief because his claims of ineffective assistance of counsel and involuntary guilty plea qualify as exceptions to the three year statute of limitations. This argument is without merit. In Kirk v. State, 798 So.2d 345(¶ 6) (Miss. 2000), the Mississippi Supreme Court held that the time bar includes the petitioner's post-conviction relief claims based on involuntariness of guilty pleas and ineffective assistance of counsel.
¶ 6. Wallace has otherwise failed to meet the requirements of the above-mentioned statute. He has cited no intervening decisions of the United States Supreme Court or the Mississippi Supreme Court that have adversely affected his conviction or sentence. He does not contend that he now has evidence which would have caused a different result at trial if introduced. He has also failed to demonstrate that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. As such, the trial court did not err in dismissing Wallace's petition for post-conviction relief.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY DISMISSING WITH PREJUDICE WALLACE'S POST-CONVICTION RELIEF MOTION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.