893 So.2d 250 (2004)
Cornelius BELMER and Cleon Graves, Appellants
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01496-COA.
Court of Appeals of Mississippi.
August 10, 2004.
Rehearing Denied November 30, 2004.
Certiorari Denied February 10, 2005.
Cornelius Belmer, pro se.
Cleon Graves, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., LEE and GRIFFIS, JJ.
*251 LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Cornelius Belmer and Cleon Graves were indicted on the charges of armed robbery, kidnaping, and second degree arson. On January 11, 1996, in the Circuit Court of Leake County, Belmer pled guilty to the armed robbery and kidnaping charges, but the second degree arson charge was dismissed. Belmer was sentenced to serve thirty years for the armed robbery charge and ten years for the kidnaping charge, with both sentences to be served concurrently in the custody of the Mississippi Department of Corrections. On the same day as Belmer, Graves also pled guilty to all counts. Graves was sentenced to serve thirty years for the armed robbery charge, ten years for the kidnaping charge, and five years for the second degree arson charge, with all sentences to be served concurrently in the custody of the Mississippi Department of Corrections. Belmer and Graves filed a motion to vacate their guilty pleas on March 31, 2003. On May 20, 2003, the trial judge dismissed Belmer and Graves's motion, stating that they failed to state a claim upon which relief could be granted and that the petition was time-barred. Belmer and Graves now appeal to this Court asserting that: (1) the statutory exceptions to the three year statute of limitations, as set forth in Mississippi Code Annotated Section 99-39-5(2) (Supp.2003), should apply to their case; (2) their guilty pleas were not knowingly and voluntarily entered into when they were not informed of the mandatory thirty year sentence for armed robbery; and (3) their attorney was ineffective.

STANDARD OF REVIEW
¶ 2. In reviewing a trial court's denial of post-conviction relief, our standard of review is well settled. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052(¶ 4) (Miss.Ct.App.2000).

DISCUSSION OF ISSUES

I. DO THE STATUTORY EXCEPTIONS TO THE THREE YEAR STATUTE OF LIMITATIONS, AS SET FORTH IN MISSISSIPPI CODE ANNOTATED SECTION 99-39-5(2) (SUPP.2003), APPLY?
¶ 3. We first note that although the State's brief fails to mention Graves's arguments, both Belmer and Graves have filed almost identical briefs and therefore we will discuss their arguments together, referring to them both as "Belmer." In his first issue, Belmer argues that the statutory exceptions to the three year statute of limitations as set forth in Mississippi Code Annotated Section 99-39-5(2) (Supp.2003) apply to this case. This particular statute pertains to the time limit within which to file a motion for post-conviction relief and also any exceptions to the time bar. Specifically, in cases where a defendant has pled guilty, a motion for relief must be filed within three years after the entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2) (Supp.2003). The exceptions to the time bar include cases where an intervening case would have affected the outcome of the petitioner's conviction, newly discovered evidence which would have caused a different result in the conviction, capital cases, and cases where the petitioner argues about sentence expiration or the unlawful revocation of his probation, parole or conditional release.
¶ 4. Belmer pled guilty on January 11, 1996, and filed his motion for relief on March 31, 2003. As Belmer's motion was clearly time-barred and none of the exceptions *252 are applicable, we cannot find the trial court erred in denying relief. This issue is without merit.

II. WAS BELMER'S GUILTY PLEA KNOWINGLY AND VOLUNTARILY ENTERED INTO WHEN HE WAS NOT INFORMED OF THE MANDATORY THIRTY YEAR SENTENCE FOR ARMED ROBBERY?

III. WAS BELMER DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. In his second issue, Belmer argues that his guilty plea was not knowingly and voluntarily entered into because he was never informed of the mandatory thirty year sentence for armed robbery. Specifically, Belmer claims that he should have been told that he was not going to be paroled. Belmer also contends that his trial counsel was ineffective in failing to properly advise him during the plea colloquy. However, the supreme court has held that the time bar includes the petitioner's post-conviction relief claims based on involuntariness of guilty pleas and ineffective assistance of counsel. Kirk v. State, 798 So.2d 345(¶ 6) (Miss.2000); see also Wallace v. State, 823 So.2d 580 (Miss.Ct.App.2002). Thus, we find these issues to be procedurally barred.
¶ 6. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEAKE COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.