GRIFFIS, P. J.,
for the Court:
¶ 1. Cornelius Belmer appeals the Leake County Circuit Court’s dismissal of his motion for post-conviction collateral relief (PCR) as a successive writ. We affirm.
*285 PROCEDURAL HISTORY
¶ 2. On January 11, 1996, Belmer pleaded guilty in the Leake County Circuit Court to the charges of armed robbery and kidnapping. That same day, Cleon Graves, Belmer’s co-indictee, pleaded guilty alongside Belmer, to armed robbery, kidnapping, and to second-degree arson.[1] Both Belmer and Graves were represented by attorney Chris Collins.
¶ 3. In 2003, Belmer and Graves filed a motion to vacate their guilty pleas in the trial court. The court treated the motion as a PCR motion and dismissed it on the grounds that Belmer and Graves had failed to state a claim upon which relief could be granted and their claims were time-barred. Belmer and Graves appealed and claimed: (1) the statutory exception to the three-year statute of limitations, as set forth in Mississippi’s Uniform Post-Conviction Collateral Relief Act (UPCCRA) should apply to their case; (2) their guilty pleas were involuntarily and unknowingly entered into because neither were informed of the mandatory thirty-year sentence for armed robbery; and (3) their attorney provided ineffective assistance of counsel. On appeal, we affirmed the trial court’s judgment. Belmer v. State, 893 So.2d 250, 252 (¶6) (Miss.Ct.App.2004).
¶ 4. On March 24, 2008, Belmer filed a second PCR motion,[2] in which he asserted: (1) his appointed counsel was ineffective for having represented him and Graves, simultaneously; (2) said counsel was ineffective for having advised him and Graves to accept a plea agreement different from the one counsel allegedly related to their parents; and (3) counsel’s joint representation violated his constitutional right to counsel because the trial court failed to inform him of the potential conflict of interest thereby created.
¶ 5. The State filed an answer to the motion. The trial court held an evidentia-ry hearing on November 6, 2008. At the hearing, Belmer presented no evidence or argument with regard to his conflict-of-interest claim. Belmer limited his PCR motion to the claim that his attorney had misled him to believe that he would be eligible for parole after serving just ten years of the thirty-year sentence that the State had agreed to recommend to the trial court in exchange for Belmer’s guilty plea of armed robbery.
¶ 6. Belmer presented his mother as a witness at the hearing. On direct examination, Belmer’s mother testified that Bel-mer’s attorney, Collins, told her that Bel-mer would be eligible for parole after ten years. On cross-examination, however, Belmer’s mother said that her conversation with Collins occurred outside Belmer’s presence, and she stated that she never relayed what Collins had told her back to Belmer.
¶ 7. Collins testified at the hearing that he did not tell Belmer, or anyone else, that Belmer would be eligible for parole after serving one-third of a thirty-year sentence for armed robbery. Collins testified that during the plea negotiations, he explained to Belmer the maximum sentence for armed robbery, what sentence the State was willing to recommend to the trial court in exchange for Belmer’s guilty plea, and *286 the trial court’s authority to accept or reject that recommendation.
¶ 8. The trial court denied Belmer’s PCR motion from the bench. The court entered a written order to that effect on November 20, 2008, which was filed on November 26, 2008.
¶ 9. On April 2, 2010, Belmer filed his third PCR motion. This motion asserted the same grounds for relief as those set out in his March 2008 motion. On April 5, 2010, the trial court entered an order that found that Belmer had mailed the PCR motion on November 21, 2008, which, through oversight by the trial court, had not been filed until April 2, 2010. The trial court then dismissed Belmer’s latest motion on the basis that it constituted a successive writ. Belmer filed a notice of appeal on May 5, 2010.
STANDARD OF REVIEW
¶ 10. This Court reviews the trial court’s dismissal of a PCR motion under an abuse-of-discretion standard. Strickland v. State, 43 So.3d 1179, 1181 (¶ 10) (Miss.Ct.App.2010). Questions of law are reviewed de novo. Ruff v. State, 910 So.2d 1160, 1161 (¶ 7) (Miss.Ct.App.2005).
DISCUSSION
¶ 11. The State argues this appeal is not properly before this Court due to lack of jurisdiction. The State submits that Belmer failed to seek leave from the Mississippi Supreme Court before filing a subsequent PCR motion in the trial court; the State argues leave to file was required because this Court had heard the appeal of the dismissal of Belmer’s 2003 PCR motion. Belmer, 893 So.2d at 252 (¶ 6). Accordingly, the State contends the trial court lacked jurisdiction to entertain either Belmer’s March 2008 PCR motion or his November 2008/April 2010 PCR motion, thus, depriving this Court of jurisdiction as well.
¶ 12. We disagree. Based on Jackson v. State, 67 So.3d 725, 730-31 (¶¶ 18-22) (Miss.2011), Belmer was not required to seek leave in the supreme court before proceeding in the trial court with either the March 2008 PCR motion or the November 2008/April 2010 PCR motion.
¶ 13. The State also argues that if Bel-mer was not required to seek leave in the supreme court before proceeding in the trial court, then the trial court’s April 2010 order, pertaining to the November 2008 PCR motion, is the only proper matter before the Court for review.
¶ 14. We agree. Belmer did not file a notice of appeal from the trial court’s November 2008 order that denied Belmer’s March 2008 PCR motion; therefore, we will only consider the trial court’s April 2010 order in this appeal.
¶ 15. We find that the trial court properly dismissed Belmer’s November 2008/April 2010 PCR motion as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp. 2011) bars successive motions made under Mississippi’s UPCCRA. There are exceptions to this bar:
Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. *287 Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked....
Id. Also, errors affecting fundamental constitutional rights may similarly be excepted. Rowland v. State, 42 So.3d 503, 507 (¶ 12) (Miss.2010).
¶ 16. Belmer’s ineffective-assistance-of-counsel allegations do not fall within any of the exceptions contained in section 99-39-23(6). See, e.g., Kirk v. State, 798 So.2d 345, 346 (¶ 6) (Miss.2000) (reiterating that ineffective-assistance-of-counsel claims, in general, are subjected to the UPCCRA’s procedural bars). And Belmer has failed to demonstrate any error affecting a fundamental constitutional right.
¶ 17. This is at least Belmer’s third PCR motion and his third ineffective-assistance-of-counsel claim. Belmer’s latest claim is merely a reassertion of his second claim, which the trial court denied on the merits after granting Belmer an evidentia-ry hearing, where Belmer was allowed an opportunity to present his case.
¶ 18. Accordingly, we hold that Bel-mer’s third PCR motion is procedurally barred from review as a successive writ. The judgment of the trial court is affirmed.
¶ 19. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Belmer was sentenced to thirty years for the armed-robbery conviction and ten years for the kidnapping conviction, with both sentences to run concurrently in the custody of the Mississippi Department of Corrections (MDOC). Graves was sentenced to thirty years for his armed-robbery conviction, ten years for the kidnaping conviction, and five years for the second-degree arson conviction, with all sentences to run concurrently in the custody of the MDOC.

. Graves did not participate in this motion.