GRIFFIS, P.J.,
for the Court.
¶ 1. Donnie Ray Tucker argues that the Mississippi Department of Corrections (MDOC) illegally denied his request for a parole-eligibility date. Since the filing of this appeal, the MDOC has provided Tucker with a parole-eligibility date. Since no controversy exists, we dismiss this appeal as moot.
¶ 2. On August 3, 1989, Tucker was found guilty of murder under Mississippi Code Annotated section 97-3-19 (Rev. 2006). The court sentenced Tucker to serve a life sentence in the custody of the MDOC. Under Mississippi Code Annotated section 47-7-3(1) (Rev.2011), Tucker was eligible for parole after he served ten years of the sentence.
¶ 3. Tucker was released on parole on August 20, 2005. A year later, on August 15, 2006, Tucker’s parole was revoked after he was charged with and convicted of manslaughter under Mississippi Code Annotated section 97-3-35 (Rev.2006). On the manslaughter conviction, Tucker was sentenced to serve twenty years, and the sentence was ordered to run consecutively to his original life sentence. As a result, Tucker is not eligible for parole on the manslaughter sentence, under Mississippi Code Annotated section 47-7-3 (Rev.2011), because he was a subsequent offender.
¶ 4. Tucker filed a petition with the MDOC Administrative Remedy Program when his inmate time sheet showed he was ineligible for parole or any other early release on his 1989 life sentence. The MDOC denied his request for a parole-eligibility date on July 7, 2010. On October 14, 2010, Tucker appealed the decision to the Sunflower County Circuit Court. By order entered January 18, 2011, the circuit court dismissed his appeal without a hearing. The court determined that it lacked jurisdiction because Tucker did not timely file his petition for an appeal. The *692 court also considered the merits of Tucker’s claim.
¶ 5. On December 15, 2011, Tucker filed a petition for a writ of habeas corpus. At a hearing held on May 22, 2012, Tucker argued that he was unlawfully detained without parole based on the information on his inmate time sheet. The circuit court treated the petition as a motion for post-conviction collateral relief and dismissed it. The court held that the petition was a successive writ. From this order, Tucker now appeals.
¶ 6. Tucker argues that he is unlawfully detained because he has not been given a parole-eligibility date for his original life sentence. “[C]ases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review, become moot.” J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss.2006) (quoting Monaghan v. Blue Bell, Inc., 393 So.2d 466, 466-67 (Miss.1980)). “A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.” Fails v. Jefferson Davis Cnty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss.2012) (quoting Gartrell v. Gartrell, 936 So.2d 915, 916 (¶ 8) (Miss.2006)).
¶ 7. When Tucker filed his notice of appeal, an actual controversy existed. His inmate time sheet reflected he was ineligible for parole, and he contested this conclusion. The MDOC has advised this Court that Tucker has been provided a parole-eligibility date. Hence, there is no controversy for our review. No decision we could reach would be of practical benefit to Tucker. See Fails, 95 So.3d at 1225 (¶ 10). Rather, any opinion on the merits would be merely advisory, and “we have no power to issue advisory opinions.” J.E.W., 935 So.2d at 959 (¶ 14) (citation omitted). Accordingly, this appeal is dismissed as moot.
¶ 8. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.