FAIR, J.,
FOR THE COURT:
¶ 1. Gary Hunt was incarcerated in the custody of the Mississippi Department of Corrections (MDOC).[1] He lost 180 days of earned time after he was caught with contraband in violation of prison rules. Hunt’s appeal boils down to two issues: (1) whether the MDOC unlawfully revoked his earned time; and (2) whether the MDOC’s decision was supported by substantial evidence. Since his appeal, Hunt has been released on probation. Because a controversy no longer exists, we dismiss Hunt’s appeal as moot.
FACTS
¶ 2. In 2008, Hunt was convicted of aggravated assault and sentenced to serve eight years in the custody of the MDOC.[2] In 2013, Hunt pled guilty to possession of a controlled substance in a correctional facility and was sentenced to serve seven years—two years in the custody of the MDOC and five years’ post-release supervision.
¶ 3. On December 16, 2015, Hunt was found with a cell phone. Hunt received a Rule Violation Report five days later. After a hearing, the hearing officer determined that Hunt had violated MDOC rules against possessing contraband. His punishment was the loss of 180 days’ served time.
*791 ¶ 4. Hunt appealed through the Administrative Remedy Program on January 10, 2016. The MDOC issued a “First Step Response Form,” denying Hunt’s appeal. About a month later, a “Second Step Response Form” was issued, again stating that Hunt’s appeal was denied. On April 18, 2016, Hunt petitioned the Rankin County Circuit Court for judicial review. The circuit court affirmed the MDOC’s decision. On May 4, 2016, Hunt appealed to this Court. He was released on probation on July 28, 2016.
DISCUSSION
¶ 5. “The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency’s scope or powers; or violative of the constitutional or statutory rights of the aggrieved party.” Edwards v. Booker, 796 So.2d 991, 994 (¶ 10) (Miss. 2001) (citation omitted).
¶ 6. When Hunt filed his notice of appeal, there were issues to be resolved. Specifically, Hunt claimed his tentative release date had been illegally extended. Now that Hunt is out on probation, there is no controversy for our review. See Tucker v. Miss. Dep’t of Corr., 118 So.3d 690, 692 (¶ 7) (Miss. Ct. App. 2013). “[CJases in which an actual controversy existed at trial,] but the controversy has expired at the time of review, become moot.” J.E.W. v. T.G.S., 935 So.2d 954, 959 (¶ 14) (Miss. 2006) (quoting Monaghan v. Blue Bell Inc., 393 So.2d 466, 466-67 (Miss. 1980)). Further, a judgment by this Court “would be of no practical benefit to the plaintiff or detriment to. the defendant.” Beals v. State, 139 So.3d 776, 777 (¶7) (Miss. Ct. App. 2014) (citing Fails v. Jefferson Davis Cty. Pub. Sch. Bd., 95 So.3d 1223, 1225 (¶ 10) (Miss. 2012)). Therefore, we dismiss this appeal as moot.
¶ 7. THIS APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.

. Hunt was released on probation on July 28, 2016.

. Hunt was initially sentenced to four years to serve with four years' post-release supervision. However, his post-release supervision was revoked in 2011 after he violated its conditions.