# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01155-COA

**LONDON WILLIAMS, JR. A/K/A LONDON WILLIAMS**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                  **APPELLEE**

DATE OF JUDGMENT:                          05/19/2015
TRIAL JUDGE:                               HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:                 SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                    LONDON WILLIAMS JR. (PRO SE)
ATTORNEY FOR APPELLEE:                     OFFICE OF THE ATTORNEY GENERAL
                                           BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                        CIVIL - OTHER
DISPOSITION:                               APPEAL DISMISSED - 10/24/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., WILSON AND WESTBROOKS, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     London Williams asks us to revisit the question whether incest is a "sex crime." However, Williams's case is now moot because he was released on post-release supervision during the pendency of this appeal. Therefore, his appeal must be dismissed.

¶2.     Williams was convicted of incest, Miss. Code Ann. § 97-29-5 (Rev. 2014), for engaging in sexual activity with his daughter, who was twenty years old at the time. He was acquitted of sexual battery. The facts of the case are discussed in *Williams v. State*, 89 So. 3d 676 (Miss. Ct. App. 2012). The circuit court ultimately sentenced Williams to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), with four years

suspended and four years of post-release supervision.

¶3.    With one narrow exception not applicable in this case, no inmate "convicted of a sex crime" is eligible for parole or earned time. *See* Miss. Code Ann. §§ 47-5-139(1)(d) & 47-7-3(1)(b) (Rev. 2015). MDOC considers incest a sex crime, so it classified Williams as ineligible for parole and earned time. Williams disagrees with his classification. He argues that although incest is a crime that involves sex, it is not a "sex crime."[1] Williams pursued this issue through MDOC's administrative remedy program. However, MDOC denied relief, citing this Court's decision in *Cochran v. State*, 969 So. 2d 119, 122 (¶10) (Miss. Ct. App. 2007), which held that incest is a sex crime. Williams appealed MDOC's decision to the Sunflower County Circuit Court, but the circuit court affirmed, also citing *Cochran*. Williams again appealed, and his appeal was assigned to this Court.

¶4.    While his appeal was pending in this Court, Williams was released on post-release supervision. MDOC suggests that Williams's release renders the case moot. We agree. Now that Williams has been released, he is unable to show that a ruling in his favor would be of any practical benefit to him. Therefore, we dismiss his appeal as moot. *See Fails v. Jefferson Davis Cty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225-26 (¶¶10-14) (Miss. 2012); *Hunt v. MDOC*, 217 So. 3d 789, 791 (¶6) (Miss. Ct. App. 2017).

_____

[1] Williams emphasizes that incest is not listed as a "sex offense" in the definitions section of the chapter on sex offender registration, *see* Miss. Code Ann. § 45-33-23(h) (Rev. 2015), and the Department of Public Safety apparently has confirmed that he is not required to register as a sex offender. However, by its terms, that definition of "sex offense" is controlling only "[f]or purposes of" the sex offender registration laws. *Id.* § 45-33-23.

¶5.    **APPEAL DISMISSED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.    TINDELL, J., NOT PARTICIPATING.**