# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00800-COA

RODERICK O. TURNER                                                    APPELLANT

v.

PELICIA HALL, RON KING, PAMELA                                    APPELLEES
ROBINSON, TIRAH MITON, WARDEN BANKS
AND RANIECE MATTHEWS

DATE OF JUDGMENT:                    05/24/2017
TRIAL JUDGE:                         HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:           RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              RODERICK O. TURNER (PRO SE)
ATTORNEY FOR APPELLEES:              DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                  CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                         APPEAL DISMISSED - 07/17/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT**:

¶1.     Roderick O. Turner was an inmate in the custody of the Mississippi Department of Corrections (MDOC), confined at the Central Mississippi Correctional Facility. The MDOC revoked 180 days of Turner's earned time after he was caught with contraband in violation of prison rules. Turner filed a complaint for judicial review in Rankin County Circuit Court claiming that the MDOC illegally revoked the 180 days of his earned time. The circuit court dismissed Turner's complaint as untimely.

¶2.     On appeal, Turner asserts that the MDOC unlawfully revoked his earned time and thus his release date was illegally postponed. He further asserts that the circuit court erred in

dismissing his complaint as untimely. A controversy no longer exists in this case, however, because Turner has been released on probation during the pendency of this appeal. We therefore dismiss his appeal as moot.

## FACTS AND PROCEDURAL HISTORY

¶3.    In August 2011, Turner's post-release supervision relating to a prior robbery conviction was revoked, and Turner was sentenced to serve five years in the custody of the MDOC. Less than a year later, on April 25, 2012, Turner was convicted of possession of a controlled substance in a prison institution. He was sentenced to serve three years, and then four years on post-release supervision.

¶4.    On December 2, 2016, Turner, while incarcerated, was found with a cell phone and a charger and received a Rule Violation Report (RVR). After a hearing, Turner was found guilty. By an MDOC order dated December 8, 2016, Turner lost 180 days of earned time. Turner appealed through the Administrative Remedy Program (ARP), filing a "Request for Administrative Remedy" on January 30, 2017. Turner contended that his tentative release date of March 17, 2017, had been illegally altered when the 180 days' revocation of earned time under the RVR was imposed, changing his tentative release date to September 14, 2017.

¶5.    The ARP responded on February 8, 2017, notifying Turner that a completed RVR was not attached and requiring that Turner return the notification, along with the RVR he wished to appeal. The record contains no response from Turner to this notification. On March 21, 2017, the ARP committee rejected Turner's appeal of his RVR as untimely. Turner responded with a letter to the ARP committee, received March 28, 2017, in which he

2

re-stated his grievance. By a letter dated March 31, 2017, the ARP committee acknowledged receipt of Turner's March 28, 2017 letter-request. The ARP committee's letter also explained that the ARP committee previously rejected Turner's request regarding the same issue and informed Turner that "because this matter has already been rejected, this particular request is being returned to you and will not be processed."

¶6. Turner brought a complaint for judicial review in the Rankin County Circuit Court concerning the ARP's decision, serving the complaint by mail on May 4, 2017. The Rankin County Circuit Clerk filed Turner's complaint on May 18, 2017.

¶7. The circuit court dismissed Turner's complaint, finding that it was untimely filed and thus the court lacked jurisdiction over the matter. The circuit court found that Turner's last "identified attempt to address the issue of punishment [in the RVR] was rejected by MDOC on March 31, 2017." As such, the circuit court held:

> After the Court being otherwise fully advised in the premises, the Court finds the complaint was untimely filed, and it lacks jurisdiction. *Moore v. Mississippi Dept. of Corrections*, 936 So. 2d 941 (Miss. Ct. App. 2005). Accordingly, the Court further finds that the complaint and this cause should be dismissed.

The circuit court's judgment of dismissal was entered May 24, 2017.

¶8. Turner appealed the circuit court's decision on June 12, 2017, and his appellant's brief was filed with the Mississippi Supreme Court Clerk on that date.

¶9. The record contains the affidavit of Kendra Michael of the MDOC's legal department, who, as records custodian, submitted the probation and release records relating to Turner. These records show that on September 14, 2017, Turner was released from MDOC custody

on four years' probation and was transported to a police department in St. Louis, Missouri. The St. Louis police department dismissed its charges against him. The record further reflects that Turner returned to Mississippi in October 2017. He is currently on probation, meeting with his probation officer on a monthly basis. Turner's appellant's brief (which he submitted with his notice of appeal on June 12, 2017) was filed on his behalf on November 2, 2017.

## DISCUSSION

¶10. When Turner filed his notice of appeal, there were issues to address. In particular, Turner asserted that his tentative release date was illegally postponed because the MDOC unlawfully revoked 180 days of his earned time, and that the circuit court erred in dismissing his complaint for judicial review as untimely. However, Turner is now released on probation; thus there is no controversy for our review. His appeal is therefore moot. *See Hunt v. Miss. Dep't of Corr.*, 217 So. 3d 789, 791 (¶6) (Miss. Ct. App. 2017) (dismissing appeal as moot where movant claimed his tentative release date had been illegally postponed due to revocation of earned time and was released on probation during the pendency of the appeal); *see also Williams v. State*, 228 So. 3d 381, 382 (¶4) (Miss. Ct. App. 2017) (dismissing appeal as moot where inmate was released on post-release supervision during pendency of appeal). Now that Turner has been released, he cannot show a judgment "in his favor would be of any practical benefit to him." *Williams*, 228 So. 3d at 382 (¶4). We therefore dismiss his appeal as moot. *Id.*; *Hunt*, 217 So. 3d at 791 (¶6); *Fails v. Jefferson Davis Cty. Pub. Sch. Bd.*, 95 So. 3d 1223, 1225 (¶10) (Miss. 2012) ("A case is moot so long

4

as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant.").

¶11.    **APPEAL DISMISSED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**