# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00410-COA

**CORNELIUS BELMER**                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/21/2020 |
| TRIAL JUDGE: | HON. BRIAN KENNEDY BURNS |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CORNELIUS BELMER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/30/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1. In 1996, Cornelius Belmer pled guilty to armed robbery and kidnapping. The Leake County Circuit Court sentenced Belmer to serve thirty years for his armed-robbery conviction and ten years for his kidnapping conviction, with both sentences ordered to run concurrently in the custody of the Mississippi Department of Corrections (MDOC).

¶2. Belmer filed his first motion for post-conviction relief (PCR) on March 31, 2003, and requested that the court vacate his guilty pleas. The circuit court dismissed the motion on May 20, 2003. Belmer appealed to this Court and argued that his guilty plea was not knowingly and voluntarily entered into because no one informed him of the mandatory thirty-year sentence for armed robbery. *Belmer v. State* (*Belmer I*), 893 So. 2d 250, 252 (¶5) (Miss

Ct. App. 2004). He further claimed that "his trial counsel was ineffective in failing to properly advise him during the plea colloquy." *Id*. This Court ultimately affirmed the circuit court's order denying post-conviction relief. *Id.* at (¶6).

¶3. On March 24, 2008, Belmer filed a second PCR motion, claiming his counsel was ineffective because he simultaneously represented him and his co-indictee; counsel advised him and his co-indictee to accept plea agreements different from the plea agreements counsel allegedly had discussed with their parents; and counsel's joint representation violated Belmer's Sixth Amendment right to counsel because the circuit court failed to inform him of the potential conflict of interest. Following an evidentiary hearing, the circuit court denied the motion. Belmer did not appeal.

¶4. On April 2, 2010, Belmer filed his third PCR motion in the circuit court, raising the same claims from his second PCR motion. The circuit court summarily dismissed the motion as a successive motion. This Court affirmed the circuit court's order in *Belmer v. State* (*Belmer II*), 102 So. 3d 284, 287 (¶¶16-19) (Miss. Ct. App. 2012) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000) (stating that ineffective-assistance-of-counsel claims are generally subjected to the Uniform Post-Conviction Collateral Relief Act's procedural bars)).

¶5. On July 10, 2020, Belmer filed a fourth PCR motion—the subject of this appeal. After review, the circuit court dismissed Belmer's PCR motion, finding his claims were barred as successive because Belmer had raised the same ineffective-assistance-of-counsel claims in his prior PCR motions. Belmer appealed. Finding no error, we affirm the circuit court's order dismissing Belmer's PCR motion.

## STANDARD OF REVIEW

¶6. Mississippi Code Annotated section 99-39-11(2) (Rev. 2020) provides that the circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only disturb the trial court's factual findings if they are clearly erroneous[.]" *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015). We review questions of law de novo. *Id*.

## ANALYSIS

¶7. Belmer raises eleven separate issues on appeal: (1) the circuit court abused its discretion in dismissing his fourth PCR motion; (2) his attorney was ineffective for failing to inform him of the consequences of his guilty plea for armed robbery; (3) his conviction "was obtained illegally when the trial court allowed [MDOC] officials to breach their plea-bargaining agreement"; (4) he was denied due process when the circuit court failed to rule on his motion for a psychiatric evaluation; (5) his attorney was ineffective for failing to pursue his motion for a psychiatric evaluation "to its finality"; (6) his attorney was ineffective for representing him and his co-indictee when there was a potential conflict of interest; (7) the circuit court erred in allowing his attorney to represent him and his co-indictee when there was potential conflict of interest; (8) the circuit judge abused his discretion in giving him "misleading advice and/or a misleading response" during his 2008 evidentiary hearing; (9) the circuit court abused its discretion in denying Belmer representation during his 2008

3

evidentiary hearing; (10) he received an "ambiguous" sentence; and (11) the circuit court abused its discretion by not considering his motion to supplement the record for his 2020 PCR motion.[1] We combine the issues into three points.

### 1.     Belmer's claims are procedurally barred.

¶8.     At the outset, we recognize that the circuit court correctly determined that Belmer's motion was barred as successive. Mississippi Code Annotated section 99-39-23(6) (Rev. 2020) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and . . . shall be a bar to a second or successive motion under this article." As previously stated, this is Belmer's fourth PCR motion concerning his Leake County convictions.

¶9.     Belmer's motion is also time-barred. A defendant who pleads guilty to a charge has three years after entry of the judgment of conviction to apply for relief under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020). Belmer pled guilty in 1996, and he filed the instant PCR motion in 2020.

¶10.     Further, Belmer's claims related to his trial attorney's performance and his parole eligibility already have been resolved. *See Belmer I*, 893 So. 2d at 252 (¶5); *Belmer II*, 102 So. 3d at 287 (¶16); *Bowie*, 949 So. 2d at 61-62 (¶¶6-7). It is well settled that claims that have been "considered and rejected" in prior proceedings are barred by the doctrine of res

---

[1] Belmer did not appeal from the circuit court's denial of his 2008 PCR motion. Consequently, any issues relating to his 2008 PCR motion are barred from review. *See Belmer II*, 102 So. 3d at 286 (¶¶13-14); *Bowie v. State*, 949 So. 2d 60, 62 (¶6) (Miss. Ct. App. 2006) (holding that a circuit court's order denying relief on a PCR motion was final because it was not appealed).

judicata. *Jordan v. State*, 213 So. 3d 40, 42 (¶8) (Miss. 2016) (citing *Grayson v. State*, 118 So. 3d 118 (Miss. 2013)); *see also Wilson v. State*, 203 So. 3d 762, 765 (¶11) (Miss. Ct. App. 2016) (stating that issues raised and rejected in prior PCR motions are barred for review in subsequent motions).

### 2. Belmer's argument regarding his motion for a psychiatric evaluation lacks merit.

¶11. Belmer claims "his rights to a fair trial were violated when the court never made" a ruling on his motion for a psychiatric examination and because "there was no competency hearing held." Further, Belmer claims that his Sixth Amendment right was violated when his counsel failed to pursue his motion for a psychiatric evaluation. Belmer's arguments are misplaced. As previously noted, his claim is time-barred and successive-motion barred. To circumvent those procedural bars here, Belmer must assert a cognizable claim involving the violation of a fundamental constitutional right. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). "[A] defendant's right to be free from trial or conviction while incompetent constitutes a fundamental right that may overcome the procedural bars to PCR motions." *Shanks v. State*, 233 So. 3d 877, 882 (¶18) (Miss. Ct. App. 2017) (citing *Smith v. State*, 149 So. 3d 1027, 1031 (¶8) (Miss. 2014), *overruled on other grounds by Pitchford v. State*, 240 So. 3d 1061, 1068 (¶¶37-38) (Miss. 2017)). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (citation and internal quotation marks omitted).

¶12. "The standard of competency necessary to enter a plea of guilty is the same as that for determining competency to stand trial." *Russell v. State*, 44 So. 3d 431, 435 (¶13) (Miss. Ct. App. 2010). "[T]he defendant bears the burden to prove 'by substantial evidence that he or she is mentally incompetent to stand trial.'" *Pitchford*, 240 So. 3d at 1067 (¶32) (quoting *Evans v. State*, 725 So. 2d 613, 660 (¶180) (Miss. 1997)). Further, this Court "gives great weight to the statements made under oath during a guilty plea hearing." *Russell*, 44 So. 3d at 435 (¶15).

¶13. The record shows that on January 11, 1996, the day Belmer pled guilty, his attorney also filed a motion for a psychiatric evaluation. A review of Belmer's motion reveals that he did not request anything related to competency but instead requested an evaluation to determine whether he had "the requisite capacity to form the necessary intent to commit the crimes for which he [was] charged. . . ." As part of his motion, Belmer attached an affidavit from his mother, who stated that Belmer did not know right from wrong because "he intentionally inflicted pain and injury to his own person" as a young child. In essence, Belmer's motion was an attempt to obtain an evidentiary basis for an insanity defense.

¶14. "[A] 'guilty plea operates as a waiver to all defenses that could have been presented except for those defenses going to the jurisdiction of the sentencing court.'" *Chandler v. State*, 196 So. 3d 1067, 1072 (¶24) (Miss. Ct. App. 2016) (quoting *Kelley v. State*, 913 So. 2d 379, 383 (¶7) (Miss. Ct. App. 2005)). We find that Belmer waived any pending motions and potential defenses when he entered a plea of guilty, which has been found numerous times by this Court to have been freely and voluntarily given. Further, we find that the

contents of the affidavit did not provide substantial evidence that Belmer was incompetent to plead guilty. *See Pitchford*, 240 So. 3d at 1067 (¶32). As to whether his counsel was ineffective for failing to pursue the motion, this Court finds that issue was readily available for Belmer to have raised in any of his previous PCR motions. *See Brown v. State*, 306 So. 3d 719, 730 (¶15) (Miss. 2020) ("Res judicata also extends to those claims that could have been raised in prior proceedings but were not."). For these reasons, we find his argument lacks merit.

### 3. Belmer's motion to supplement the record was filed after the circuit court dismissed his PCR motion.

¶15. On appeal, Belmer claims that the circuit court erred by failing to rule on his motion to supplement the record for the instant PCR motion. However, Belmer's motion was filed **after** the circuit court dismissed Belmer's PCR motion; the circuit court dismissed Belmer's PCR motion on October 21, 2020, and Belmer's motion to supplement the record was filed on November 5, 2020. In any event, the documents Belmer requested were included in the appellate record and reviewed by this Court. Accordingly, we find this argument also lacks merit.

## CONCLUSION

¶16. In conclusion, this Court finds that Belmer's claims in his fourth PCR motion are procedurally barred. This Court also finds that his arguments regarding his motion for a psychiatric evaluation and his motion to supplement the record lack merit. Accordingly, we affirm the circuit court's order dismissing Belmer's PCR motion.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**