# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00398-COA

**CORNELIUS BELMER**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                             **APPELLEE**

DATE OF JUDGMENT:                    03/25/2021
TRIAL JUDGE:                         HON. CALEB ELIAS MAY
COURT FROM WHICH APPEALED:           LEAKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              CORNELIUS BELMER (PRO SE)
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:                  CIVIL - OTHER
DISPOSITION:                         APPEAL DISMISSED - 08/30/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.

### SMITH, J., FOR THE COURT:

¶1.     Cornelius Belmer was in the custody of the Mississippi Department of Corrections (MDOC) and incarcerated at the Marshall County Correctional Facility serving a thirty-year sentence for armed robbery and a concurrent ten-year sentence for kidnapping. Belmer claims he has been falsely imprisoned under an unlawful sentence and has been denied his due process rights by the MDOC officials and the Leake County Circuit Court judiciary. Belmer's underlying request for relief on appeal is his immediate release from incarceration. However, in the time since Belmer initiated this appeal, he has been released on parole and is no longer incarcerated. Because Belmer has been paroled during the pendency of this appeal, no controversy exists. Therefore, we dismiss his appeal as moot.

## STANDARD OF REVIEW

¶2.  "The decision of an administrative agency shall not be disturbed unless unsupported by substantial evidence; arbitrary or capricious; beyond the agency's scope or powers; or violative of the constitutional or statutory rights of the aggrieved party." *Hunt v. Miss. Dep't of Corr.*, 217 So. 3d 789, 791 (¶5) (Miss. Ct. App. 2017).

## STATEMENT OF THE FACTS

¶3.  On January 11, 1996, Belmer pled guilty to one count of armed robbery and one count of kidnapping in the Leake County Circuit Court, and he was sentenced to serve thirty years in MDOC's custody. Thereafter, Belmer filed various motions challenging his guilty plea and sentence and requesting post-conviction relief.[1] The circuit court denied or dismissed all his motions seeking relief.

¶4.  Consequently, Belmer filed a petition with MDOC's Administrative Remedy Program

---

[1] On March 31, 2003, Belmer filed a motion to vacate his guilty plea and sentence. Treating it as a motion for post-conviction collateral relief (PCR), the court dismissed his motion. Belmer appealed, and this Court affirmed on August 10, 2004. *Belmer v. State*, 893 So. 2d 250 (Miss. Ct. App. 2004). Belmer then filed his second PCR motion on March 24, 2008, alleging ineffective assistance of counsel and other grounds, which the circuit court subsequently denied. On April 2, 2010, Belmer filed his third PCR motion, asserting the same grounds as his second PCR motion, and the court dismissed it upon finding that it constituted a successive motion. Belmer appealed, and on February 7, 2012, this Court affirmed the ruling that his third PCR motion was procedurally barred. *Belmer v. State*, 102 So. 3d 284 (Miss. Ct. App. 2012). On February 11, 2020, in response to a motion from Belmer seeking leave to appeal from the order denying his second PCR decision, our supreme court denied Belmer's motion to suspend the rules and proceed out of time. Then on July 10, 2020, Belmer filed his fourth PCR motion, alleging the same ineffective-assistance-of-counsel allegations as those included in his second PCR motion. The circuit court denied his request for relief, having found his motion barred as a successive motion, and dismissed his motion on October 19, 2020. That order denying and dismissing his fourth PCR motion is not at issue here.

(ARP) requesting relief. Belmer sought clarification of his sentence, contending MDOC officials improperly interpreted his sentence as meaning a thirty-year mandatory sentence without eligibility for parole or early release. Belmer claimed that the circuit court's sentencing order was meant to impose a sentence requiring him to serve thirty years "under the 85% law," not a "mandatory" thirty-year sentence.

¶5.     On August 13, 2020, Belmer received a "First Step Response Form" from the ARP stating, "Offender Belmer, your offenses of armed robery and kidnapping are violent offenses and therefore not eligible for parole (25%) or ERS (85%). Your offenses are mandatory offenses." In turn, Belmer checked the box on the form to proceed with the next step of the administrative remedy process and claimed that "M.D.O.C. Record Department Officials Ms. Linda Durr and Betty Johnson is abusing their authority by . . . violating My Constitutional Rights by imposing a Greater Sentence upon Mr. Cornelius Belmer when they has No Authority to do so." He insisted that MDOC officials "breached" his plea agreement by determining that Belmer was given a mandatory sentence when the circuit court's sentencing order makes "no mention" of or otherwise includes the word "mandatory" within its terms. Further, Belmer argued that "he was given a totally new sentence of 30 years Mandatory without parole nor early release by MDOC officials," which "amounts to a[n] illegal sentence" and violates his constitutional rights. He requested immediate release or discharge.  The ARP denied his request on November 2, 2020, and reiterated that he was "not eligible for any form of early release (ERS, Parole) due to the charges of Kidnapping and Robbery are violent offenses and are mandatory sentences."

3

¶6. Belmer subsequently filed a motion in the Leake County Circuit Court seeking judicial review of the ARP's determination and his claims of an unconstitutional and illegal sentence. His motion requested that the court grant him the relief of immediate release and discharge from incarceration. In an order entered on March 25, 2021, the circuit court denied Belmer's motion for judicial review based on successive-motion grounds. Aggrieved, Belmer appeals and again requests that he be released from incarceration.

## DISCUSSION

¶7. "[C]ases in which an actual controversy existed at trial[,] but the controversy has expired at the time of review, become moot." *Hunt*, 217 So. 3d at 791 (¶6). "A case is moot so long as a judgment on the merits, if rendered, would be of no practical benefit to the plaintiff or detriment to the defendant." *State v. Runnels*, 281 So. 3d 148, 151 (¶7) (Miss. Ct. App. 2019). Our supreme court has held that "[w]e will not adjudicate moot questions." *J.E.W. v. T.G.S.*, 935 So. 2d 954, 959 (¶14) (Miss. 2006). "This Court has no authority to entertain an appeal where there is no actual controversy." *Runnels*, 281 So. 3d at 151 (¶7).

¶8. At the time Belmer filed the instant appeal, he was still incarcerated, and there were potential issues to be addressed. Belmer alleged that MDOC and ARP officials were illegally forcing him to serve a greater sentence than the circuit court had ordered and that they had falsely imprisoned him beyond the sentence term imposed by the court. He requested his release from incarceration as relief on appeal for his claims.

¶9. However, we find that the record indicates that Belmer has since been released and is no longer incarcerated. Our finding is based on the inmate letter Belmer filed on

4

November 30, 2021, in which Belmer states he is writing to inform this Court of a change in his address, and he lists a residential address in Jackson, Mississippi. Additionally, the State notes in its brief that MDOC's website has listed Belmer's status as parolee.

¶10. Because Belmer has been released on parole since the time he initiated this appeal, and he is no longer incarcerated, there is no controversy remaining for our review. *See Turner v. Hall*, 270 So. 3d 43, 45 (¶10) (Miss. Ct. App. 2018); *Hunt*, 217 So. 3d at 791 (¶6); *Tucker v. Miss. Dep't of Corr.*, 118 So. 3d 690, 692 (¶7) (Miss. Ct. App. 2013). Now that Belmer is no longer incarcerated and has been released from MDOC's custody, he is incapable of "show[ing] a judgment in his favor would be of any practical benefit to him." *Turner*, 270 So. 3d at 45 (¶10).

¶11. In a case previously before this Court with a similar factual scenario and posture, this Court held:

> While his appeal was pending in this Court, Williams was released on post-release supervision. MDOC suggests that Williams's release renders the case moot. We agree. Now that Williams has been released, he is unable to show that a ruling in his favor would be of any practical benefit to him. Therefore, we dismiss his appeal as moot.

*Williams v. State*, 228 So. 3d 381, 382 (¶4) (Miss. Ct. App. 2017).

¶12. Additionally, even if the controversy were not moot, we find that Belmer improperly filed his motion appealing MDOC's decision in Leake County, his county of conviction. "This Court has repeatedly held that" in regard "to a prisoner's appeal of an MDOC decision or policy . . . such appeals must be made in the circuit court of the county where the prisoner resides." *Al-Khidhr v. King*, 270 So. 3d 1130, 1133 (¶9) (Miss. Ct. App. 2018) (internal

5

quotation marks omitted). Since Belmer was housed in Marshall County at the time of his initial appeal, this action was filed in the incorrect jurisdiction.

¶13.    Thus, for the foregoing reasons, we dismiss this appeal as moot.

¶14.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**